# United States Court of Appeals

*for the*

# First Circuit

---

Case No. 22-1696

BONNIE DIXON-TRIBOU,

*Plaintiff-Appellant*,

v.

DENIS RICHARD MCDONOUGH,
Secretary, U.S. Department of Veterans Affairs,

*Defendant-Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
OF MAINE, PORTLAND IN CASE NO. 2:20-CV-00379-NT

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

ROBERT F. STONE
LAW OFFICE OF ROBERT F. STONE
*Attorneys for Plaintiff-Appellant*
PO Box 183
South Deerfield, Massachusetts 01373
(413) 369-4421

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT OF ISSUES ................................................................. 1

STATEMENT OF THE CASE .............................................................. 4

FACTS ................................................................................ 4

ARGUMENT ............................................................................. 5

    I.     THE RECORD PROVES THE DISTRICT COURT
          MISAPPLIED AND MISINTERPRETED LAW WHEN IT
          REVIEWED OPM's FACTUAL FINAL AND
          CONCLUSIVE AND DETERMNATION MS. DIXON-
          TRIBOU COULD NOT BE REASONABLY
          ACCOMMODATED ............................................................. 5

          (a)    Ms. Dixon-Tribou's years in the QMD proved she was
                 a qualified person with a disability ............................................. 6

          (b)    The Court of Appeals for the Federal Circuit holds
                 review of the factual underpinnings of OPM's
                 disability decision is unreviewable ............................................. 8

          (c)    The district court's holding that Ms. Dixon-Tribou
                 repeatedly cites 5 U.S.C. § 8347 does not apply to
                 FERS is misapplication of law ................................................. 9

          (d)    The VA's claim Ms. Dixon-Tribou assignment to the
                 Quality Management Department was not a reasonable
                 accommodation but only an assumption by her is
                 wrong ......................................................................... 10

          (e)     The District court misapplied the law after it held *res
                 judicata* did not apply ......................................................... 12

          (f)    The District court's Review of OPM and the MSPB
                 Final Decision on the underpinnings of Ms. Dixon-
                 Tribou's FERS Disability Retirement was a
                 misapplication of law ......................................................... 14

i

II.   THE RECORD PROVES THE DISTRICT COURT
      MISAPPLIED THE LAW WHEN IT HELD OPM AND
      THE MSPB WERE NOT ACTING IN A JUDICIAL
      CAPACITY ..........................................................................................15

      (a)   The VA's Response Brief relies on misapplication and
            misinterpretation of law ...........................................................16

      (b)   The District court's holding Ms. Dixon-Tribou did not
            offer evidence is a misinterpretation and misapplication
            of law.........................................................................................18

III.  ISSUES OPM HAD TO ADDRESS BEFORE IT FOUND
      MS. DIXON-TRIBOU ENTITLED TO DISABILITY
      UNDER FERS....................................................................................19

      (a)   Ms. Dixon-Tribou presented evidence that OPM was
            acting in a judicial capacity when it found her entitled
            to a FERS Disability Retirement ...............................................20

      (b)   The VA waived its right to conduct discovery during
            Ms. Dixon Tribou's MSPB appeal ...........................................21

      (b)   The VA withheld exculpatory evidence that proved
            OPM and the MSPB were acting in a judicial capacity............23

IV.   THE RECEIPT OF DISABILITY RETIREMENT DOES
      NOT PRECLUDE REHABILITATION ACT DISABILITY
      DISCRIMINATION CLAIMS ...........................................................24

CONCLUSION ....................................................................................................25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Anthony v. Office of Personnel Mgt.,*
  58 F.3d 620 (Fed. Cir. 1995) .............................................................. *passim*

*Auer v. Robbins*,
  519 U.S. 452, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997) ...............................24

*Buckley v. United States*,
  51 Fed. Cl. 174 (Fed. Cl. 2001) ....................................................................22

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,*
  467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984) .............................24

*EEOC v. C.R. Eng., Inc.,*
  644 F.3d 1028 (10th Cir. 2011) .......................................................................2

*Lamberson v. Dep't of Veterans Affairs*,
  80 M.S.P.R. 648 (MSPB 1999) ....................................................................24

*McCrary v. Office of Personnel Mgt.,*
  91-3389, 1992 U.S. App. LEXIS 960 (Fed. Cir. Jan. 23, 1992) ............. 8, 13

*Simpkins v. Office of Personnel Mgt.,*
  513 F. App'x 950 (Fed. Cir. 2013) ..................................................................8

*Skidmore v. Swift & Co.,*
  323 U.S. 134, 65 S. Ct. 161, 89 L. Ed. 124 (1944) ......................................24

*Solomon v. Vilsack*,
  393 U.S. App. D.C. 327 (2010) .............................................................. 24, 25

*Tesone v. Empire Mktg. Strategies,*
  942 F.3d 979 (10th Cir. 2019) .........................................................................2

**Statutes & Other Authorities:**

5 U.S.C. § 7511-7514 .......................................................................................21

5 U.S.C. § 8331 .................................................................................................22

5 U.S.C. § 8347 ................................................................................... 9, 17, 18

5 U.S.C. § 8347(c) ................................................................ *passim*

5 U.S.C. § 8347(d)(1)............................................. 10, 16, 19, 22

5 U.S.C. § 8347(d)(2) ............................................ 10, 16, 19, 22

5 U.S.C. § 8461 ...............................................................17

5 U.S.C. § 8461(d) ........................................................ *passim*

5 U.S.C. § 8461(e)(1) ............................................ 10, 16, 19, 22

5 U.S.C. § 8461(e)(2) ................................................. 10, 16, 19

29 U.S.C. § 701(b)(2).......................................................25

42 U.S.C. § 12112 ...........................................................4

5 C.F.R. § 731.103...........................................................21

5 C.F.R. § 731.205...........................................................21

5 C.F.R. § 844.103 ..................................................... 18, 20

5 C.F.R. § 844.103(a)(2) ............................................... *passim*

5 C.F.R. § 844.103(a)(4) ...................................................20

5 C.F.R. § 1201.3 ...................................................... 21, 22

5 C.F.R. part 752, subpart C .............................................21

5 C.F.R. part 752, subpart D .............................................21

5 C.F.R. part 831 ............................................................22

5 C.F.R. part 839 ............................................................22

5 C.F.R. part 842 ............................................................22

5 C.F.R. part 844 ............................................................22

5 C.F.R. part 846 ............................................................22

88 FR 36654................................................................ 21, 22

Public Law 118-3 ...........................................................4

No. 22-1696

_____

## UNITED STATES COURT OF APPEALS
## FOR THE FIRST CIRCUIT

_____

Bonnie Dixon-Tribou,

*Plaintiff-Appellant*,

v.

**DENIS RICHARD MCDONOUGH, Secretary, U.S. Department of Veterans Affairs; DEPARTMENT OF VETERANS AFFAIRS,**

*Defendants-Appellee.*

_____

**On Appeal from the United States District court
for the District of Maine
No. 20-cv-00379 (Hon. Nancy Torresen)**

_____

**RESPONSE TO DEFENDANT-APPELLEE DENIS MCDONOUGH
RESPONSE TO PLAIINTIFF-APPELLANT'S OPENING BRIEF**

_____

**STATEMENT OF ISSUES**

1.    The U. S. District Court for the District of Maine ("district court")

abused its discretion when it reviewed the factual underpinnings of OPM's finding

that Ms. Dixon-Tribou was terminated because she could not perform the duties of

her positon due to her disabling multiple sclerosis (MS) and sugar diabetes (SD).

The Record proves OPM's finding were based on the evidence of Record the

district court was prohibited from reviewing pursuant to 5 U.S.C. § 8461(d) and *res judicata.*[1]

2.     The district court misinterpreted and misapplied the law when it held the Office of Personnel Management (OPM) did not act in a judicial capacity when it approved Ms. Dixon-Tribou's Application for Disability Retirement.[2]

3.     The district court used the wrong standard of review, it did not consider the evidence in the light most favorable to Plaintiff Bonnie Dixon-Tribou (Ms. Dixon-Tribou) the non-moving party.[3]

4.     In its Reply Brief the VA claims Ms. Dixon-Tribou had deficiencies in her work and attendance that were international and cites the district court's summary judgment order that was based on a prohibited review of OPM's Final Decision on Ms. Dixon-Tribou's disability. OPM determined on May 14, 2018 Ms. Dixon-Tribou's work attendance deficiencies were caused by the VA's inability to reasonably accommodate her disabling multiple sclerosis (MS) and sugar diabetes

---

[1] *Infra,* note 6

[2] But, as the Defendant notes, the Plaintiff points to no evidence in the Record that OPM acted in such a capacity. . .  As a result, the Plaintiff has not met her burden to show that *res judicata* applies here. JA499 ¶¶ 1-2.

[3] [W]e review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied." *EEOC v. C.R. Eng., Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (quotations omitted). In doing so, "we consider the evidence in the light most favorable to the non-moving party." *Tesone v. Empire Mktg. Strategies,* 942 F.3d 979, 994 (10th Cir. 2019)

(SB) in 2015 and forward.[4]  The VA cites the district court's summary judgment based on its misinterpretation and misapplication of law as be explained herein to avoid the Record.  Regardless, the VA still claims facts settled by OPM and the Merit Systems Protection Board (MSPB) and not subject to review as its defense of its failure to reasonably accommodated Ms. Dixon-Tribou. The VA incorrectly claims:

a.    OPM and the Merit Systems Protection Board (MSPB) did not act in a judicial capacity when Ms. Dixon-Tribou was found entitled to disability under the Federal Employees Retirement System (FERS);

b.    The VA mistakenly claims Ms. Dixon-Tribou had not requested reasonable accommodations even though she request reasonable accommodations in 2009 and was subsequently placed in the central air-conditioned VAMC Chief Nurse's Office Suites Quality Management Department (QMD) in 2009 as an accommodation and that was made permanent in 2011.[5]

c.    The VA did not provide an adequate explanation for removing Ms. Dixon-Tribou from her accommodated QMD position and transferring her to the CCD;

d.    The Record proves the VA did not accommodate Ms. Dixon-Tribou in accordance with the Rehabilitation Act which requires it to make reasonable accommodations to known physical disabilities;[6]

---

[4] MSPM Initial Decision and Jurisdiction holding in MSBP Docket No: PH-844E-19-0223-I-1.  JA460.

[5] A Permanent Reassignment Job Offer to accommodate MS and acceptance. JA452-454.

[6] **(A)** not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the

3

    e.    The VA used standards, criteria, and methods of administration that had the effect of disability discrimination and retaliation.

    3.    The District court abused its discretion when it reviewed the factual underpinnings of OPM's finding of OPM that Ms. Dixon-Tribou was terminated because she could not perform the duties of her positon due to her disabling multiple sclerosis (MS) and sugar diabetes (SD).  The Record proves OPM's finding were based on the evidence of Record and its review was prohibited by 5 U.S.C. § 8461(d) and *res judicata.*[7]

## STATEMENT OF THE CASE

Ms. Dixon-Tribou incorporates by reference the Statement of the Case contained in her Corrected Opening Brief submitted on May 25, 2023.

## FACTS

Ms. Dixon-Tribou incorporates by reference the Statement of Facts contained in her Corrected Opening Brief submitted on May 25, 2023.

---

accommodation would impose an undue hardship on the operation of the business of such covered entity[.] 42 U.S.C.S. § 12112 (LexisNexis, Lexis Advance through Public Law 118-3, approved April 10, 2023)

[7] *Infra,* note 6

**ARGUMENT**

I.    **THE RECORD PROVES THE DISTRICT COURT MISAPPLIED AND MISINTERPRETED LAW WHEN IT REVIEWED OPM's FACTUAL FINAL AND CONCLUSIVE AND DETERMNATION MS. DIXON-TRIBOU COULD NOT BE REASONABLY ACCOMMODATED**

In its April 24, 2023 Response Brief the VA uses a new tactic to justify overlooking OPM's judicial capacity when it found Ms. Dixon-Tribou entitled to a FERS disability retirement. The VA cites the district court's decision on facts that were barred from review by U.S.C. § 8461(d) and *res judicata.* The VA overlooks that OPM's factual underpinnings on Ms. Dixon-Tribou's disability and her entitlement to disability retirement because of her unaccommodated MS were barred from review.  Indeed, its Brief the VA justified overlooking the Record in favor of the district court's misinterpretation and misapplication of law. The VA cites to facts that the district court lacked jurisdiction to review and were dispositive on Ms. Dixon-Tribou's disability.

The VA also claims mistakenly Ms. Dixon-Tribou's did not request reasonable accommodation until 2015.  However, the Record proves she requested reasonable accommodation in 2009 when she requestied modification (or change) of her work because of her disabling MS. That request was a request for reasonable

accommodation,[8] which resulted in her placement in the VAMC Quality

Management Department (QMD) that was made permanent on May 11, 2011.[9]

Ms. Dixon-Tribou was reasonably accommodated until January 11, 2015 when she

was transferred out of QMD to the VAMC Community Care Department (CCD)[10]

with offices lacking the central air-conditioning needed to accommodate her MS.

(a)   *Ms. Dixon-Tribou's years in the QMD proved she was a qualified person with a disability.*

The VA cites the district court Order because it overlooks Record evidence

Ms. Dixon-Tribou was retired in accordance with 5 C.F.R. § 844.103(a)(2) which

required OPM to find her MS and SD were incompatible with her position and she

could not be retained in her position without reasonable accommodations.[11]  The

VA avoided citing to the Record because it proved Ms. Dixon-Tribou was placed

in a position where she could not be accommodated after nearly 6 years of highly

---

[8] A request for a modification (or change) at work because of a medical condition is a request for reasonable accommodation. See EEOC Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the Americans with Disabilities Act,  *Jefferey G. v. McDonough,* 2023 EEOPUB LEXIS 1279, *21, EEOC (IHS) 2022001019 (E.E.O.C. May 18, 2023)

[9]*Supra,* note 2.

[10] *Appellee VA Response Brief*  p. 6 ¶ 2.

[11] "medical condition must be incompatible with either useful and efficient service or retention in the position." Second, the [a]ccommodation of the disabling medical condition in the position held must be unreasonable."  5 C.F.R. § 844.103(a)(2) (2023)

effective work with accommodations. Nevertheless, the district court overlooked the plain language of § 8461(d) and OPM's decision on disability which is final and conclusive and review of the factual underpinnings of its decision are barred from review.

The district court overlooked that Ms. Dixon-Tribou was reasonable accommodated for nearly 6 years in QMD before she was transferred to the VA Care Unit (later renamed the Community Care Department) (CCD), without reasonable accommodations.[12] Her years in QMD were highly successful and proved she was a qualified person with a disability per the Rehabilitation Act (RA) and the incorporated sections of the Americans with Disabilities Act (ADA). Nevertheless, the VA mistakenly claims Ms. Dixon-Tribou did not request reasonable accommodation before 2015.[13] It also ignores the plain language of 5 U.S.C. 8347(c) and 5 U.S.C. 8461(d), which are identical statutes,[14] and Record evidence Ms. Dixon-Tribou's alleged work deficiencies were due to her unaccommodated disabling MS.

---

[12] In approximately late 2014, Ms. Dixon-Tribou began working in Togus's Non-VA Care Unit (later renamed the Community Care Department). JA481 ¶ 3.

[13] Appellant assumed that the quality management position constituted an accommodation, but she had not at that point made a formal written or verbal request for a reasonable accommodation for any medical condition. *Appellee VA Response Brief* p. 49 ¶ 1.

[14] *Infra,* note 18.

**(b)** ***The Court of Appeals for the Federal Circuit holds review of the factual underpinnings of OPM's disability decision is unreviewable.***

The U.S. Court of Appeals for the Federal Circuit (Fed. Cir.) holds the proper standard of judicial review in a FERS disability retirement is set forth at 5 U.S.C.S. § 8461(d). It held 8261(d) provides that OPM disability retirement determinations are final and conclusive and not subject to review and prohibited by *res judicata.*[15]  The district court knew Ms. Dixon-Tribou had applied for a FERS disability retirement,[16] and she had the burden to prove she became disabled while employed because of a medical condition in a position subject to FERS and was deficient in performance, attendance, and conduct due to her unaccommodated disabling MS.

Regardless, the district court overlooked § 8461(d) and reviewed the factual underpinnings of OPM's disability determination, with the MSPB's concurrence,

---

[15] The court observed that the applicable standard of judicial review in FERS disability retirement case was set forth at 5 U.S.C.S. § 8461(d), which provided that OPM disability retirement determinations, as affirmed by the Board, were final and conclusive and not subject to review.  *McCrary v. Office of Personnel Mgt.*, 91-3389, 1992 U.S. App. LEXIS 960, at *1 (Fed. Cir. Jan. 23, 1992) *also see Simpkins v. Office of Personnel Mgt.,* 513 F. App'x 950, 952 (Fed. Cir. 2013).

[16] On January 26, 2017, Ms. Dixon-Tribou filed an application for disabilityretirement with the Office of Personnel Management ("**OPM**") under the Federal Employee Retirement System ("**FERS**") in which she claimed that she was removed from her position because of her disability. *Appellee VA Response Brief* p. 13 ¶ 3.

that Ms. Dixon-Tribou's was entitled to disability retirement.[17] The District court's review of the factual underpinnings of OPM's determination on Ms. Dixon-Tribou's disability was a misinterpretation and misapplication of law and its summary judgment in favor of the VA should be set aside as Ms. Dixon-Tribou was placed in a position by the VA where she could be reasonably accommodated.

*(c)*    ***The district court's holding that Ms. Dixon-Tribou repeatedly cites 5 U.S.C. § 8347 does not apply to FERS is misapplication of law.***

Ms. Dixon-Tribou made a harmless error when she cited 5 U.S.C. § 8347(c) instead of 5 U.S.C. § 8461(d) in her Motion for Summary Judgment (MSJ) memorandum of law. However, the district court incorrectly states that 5 U.S.C. § 8347(c) applies to disability determinations under the Civil Service Retirement System, not under the FERS.[18]  The Judge criticizes Ms. Dixon-Tribou for citing § 8347(c) instead of § 8461(d) and then misquotes *Anthony v. OPM* to support the district court's decision to allow the VA's MSJ.[19]  However, in *Anthony* the Fed.

---

[17] Upon further review of the record OPM has determined that the appellant has submitted sufficient evidence documentation to establish his [*sic*] entitlement to disability retirement benefits under the Federal Employees Retirement System (FERS).  JA434 ¶ 3;  JA460-467.

[18] The Plaintiff repeatedly cites to 5 U.S.C. § 8347 to support her argument that I cannot review the decision of the Office of Personnel Management ("**OPM**"). Pl.'s Opp'n 4 n.11; DSOF ¶¶ 49, 63; Pl.'s Mot. 2 n.6, 9, 10 n.37. That statute applies to disability determinations under the Civil Service Retirement System, not under the FERS. *See*

[19] *Id.*

9

Cir. holds § 8347(c) and § 8461(d) are identical and serve the same purpose of identifying the scope of OPM's authority to administer disability retirement and other benefits under FERS.[20] The district court's holding that *Anthony* does not apply to FERS Disability Retirements was a misinterpretation and misapplication of law and the district court's summary judgment for the VA should be set aside.

**(d)     The VA's claim Ms. Dixon-Tribou assignment to the Quality Management Department was not a reasonable accommodation but only an assumption by her is wrong.**

The VA claim Ms. Dixon-Tribou was not reasonably accommodated by placement in the VAMC Chief's Nurse's Quality Management Department (QMD) central air-conditioned offices was misleading to justify the VA's transfer of her to a non-accommodated positon. The Record proves the QMD accommodation was first made in 2009 and made permanent on May 11, 2011.[21]  The VA misstatement that Ms. Dixon-Tribou had not made a reasonable accommodation request prior to her QMD assignment misleads this Court. The VA's claim Ms. Dixon-Tribou only

---

[20] We conclude that the same standard should apply to our review FERS disability determinations. As noted above, §§ 8461(d) and (e)(1) and (2) are worded [***16] identically to §§ 8347(c) and (d)(1) and (2). Both statutes serve the same purpose of identifying the scope of OPM's authority to administer disability retirement and other benefits. *Anthony v. Office of Personnel Mgt.,* 58 F.3d 620, 626 (Fed. Cir. 1995)

[21] *Supra,* note 4.

assumed[22] she was accommodated in the QMD was taken out of context to make it appear she was not transferred from one department to another without reasonable accommodations.

Indeed, the district court's acceptance of the VA's misleading statements contributed to its conclusion Ms. Dixon-Tribou only moved her office space within the QMD[23] and not from a permeant accommodated position. The VA's mistaken representation of Ms. Dixon-Tribou's accommodation status contributed to the district court the VA did not place Ms. Dixon-Tribou in a position where she could not be accommodated and her transfer was simple office space relocation. However, the Record proves otherwise. It proves she was placed in an office where she could not be accommodated.

It is undisputed that when the VAMC transferred Ms. Dixon-Tribou it failed to arrange for her reasonable accommodation. After her transfer the VA required her to repeat her request for reasonable accommodation in violation of its own management directive that says the requestor should not be required to make repetitive requests for the same accommodation.[24]  Indeed, the VA removed Ms.

---

[22] *Supra,* note 9.

[23] Ms. Dixon-Tribou moved her physical office spaces to a small room **("Room 216 ")** without air-conditioning or windows. JA482 ¶ 1.

[24] Additionally, an employee may request a reasonable accommodation whenever he or she chooses, even if he or she has not previously disclosed the existence of a

Dixon-Tribou from a permanently accommodate position and placed her in one

where it could not provide the constant low temperatures to accommodate her MS

as it did in her QMD position.

> (e) ***The District court misapplied the law after it held res judicata did not apply.***

The district court misapplied the law when it held "With respect to the

Plaintiff's *res judicata* and issue preclusion arguments, she acknowledges that

agency determinations only have preclusive effect where an administrative agency

is acting in a judicial capacity." But, as the Defendant notes, the Plaintiff points to

no evidence in the Record that OPM acted in such a capacity.[25]  That holding was a

misinterpretation and misapplication of law as Ms. Dixon-Tribou's and was taken

out of context to defeat her *res judicata* claim of *res judicata*. Ms. Dixon-Tribou

did provide evidence OPM acted in a judicial capacity, she cited statute, case law,

and judicial proceedings before OPM and the MSPB.  Therefore, district court was

aware OPM originally denied her disability retirement[26] and she appealed to the

---

disability. The requestor should not be required to make repetitive requests for the
same accommodation. JA380 ¶ b.

[25] JA498-499.

[26] *Appellee VA Response Brief*  p. 18 ¶ 2.

MSPB where OPM admitted, and after a closer review of the Record by OPM Ms. Dixon-Tribou was entitled to disability retirement under FERS.[27]

Nevertheless, the district court overlooked the plain language of the identical statutes 5 U.S.C. §§ 8461(d) and 8347(d), and Fed. Cir. case law, when it entered summary judgment for the VA. The District court overlooked the Federal Circuit holding in *McCrary v. Office of Personnel Mgt.,* "that the applicable standard of judicial review in a FERS disability retirement case was set forth at 5 U.S.C.S. § 8461(d)."[28] That standard provides that OPM disability retirement determinations cases are final and conclusive and not subject to review."[29] In short, the district court overlooked the plain language of 8461(d) and erroneously claimed Ms. Dixon-Tribou submitted no evidence OPM had acted in a judicial capacity for *res judicata* to apply. That was a mistake of law Ms. Dixon-Tribou submitted the MSPB decision in which OPM admitted she was entitled to FERS

---

[27] JA460.

[28] *McCrary v. Office of Personnel Mgt.,* 91-3389, 1992 U.S. App. LEXIS 960, at *2 (Fed. Cir. Jan. 23, 1992)

[29] The court observed that the applicable standard of judicial review in a FERS disability retirement case was set forth at 5 U.S.C.S. § 8461(d), which provided that OPM disability retirement determinations, as affirmed by the Board, were final and conclusive and not subject to review. *McCrary v. Office of Personnel Mgt.,* 91-3389, 1992 U.S. App. LEXIS 960, at *1 (Fed. Cir. Jan. 23, 1992)

disability retirement benefits proving OPM and the MSPB acted in judicial

capacities.[30]

> *(f)* ***The District court's Review of OPM and the MSPB Final Decision on the underpinnings of Ms. Dixon-Tribou's FERS Disability Retirement was a misapplication of law.***

The district court misapplied the law when it reviewed OPM's the factual

underpinnings of OPM's determination on Ms. Dixon-Tribou's disability and

applied the wrong standard of review when it accepted the VA's mistaken

argument Ms. Dixon-Tribou did not request a reasonable accommodation before

she was transferred to the Quality Management Department (QMD). The Record

proves in 2009 Ms. Dixon-Tribou requested her work assignment changed or

modified because of her MS.  She spoke to a supervisor in her chain of command,

Assistant Chief Nurse Mary Anderson, and the VAMC Employee Health Nurse.[31]

She requested a modification (or change) of work because of her medical

---

[30] *Supra,* note 12.

[31]  **Q.** And in this period of time, in roughly 2009 when Mary Anderson approached you, had you made any sort of written or verbal request for a **15** reasonable accomodation?  **A.** Not--not--I didn't know what it was called. And, so, I had basically requested that the light duty be followed up with because it hadn't been. **Q.** And who had you made that request of? **A.** I had made it to my supervisor, my direct supervisor, the head nurse of -- at the NHCU. **Q.** So there was a period of time where you felt like there -- the light duty restrictions were not being honored -- Correct. **Q.** -- in the Community Living Center?  **. . . Q.**  And it was some point after you spoke with the employee health nurse that this position with Mary Anderson arose?  **A.** Yeah. Yes, I would say so.  *Appellee VA Supplemental Appendix* VA95 pp 25-26.

condition, MS, that was a request for a reasonable accommodation.[32]  As a result of that request Ms. Dixon-Tribou was assigned to QMD as a reasonable accommodation.  The QMD assignment was made permanent on May 6, 2011 with a VAMC "Permanent Job Offer Reassignment" letter.[33]

Indeed, the Record does not support the VA's claims Ms. Dixon-Tribou did not request a reasonable accommodation before her 2009 assignment to QMD. That claim misrepresented the facts to district court causing it to view Ms. Dixon-Tribou's 2015 transfer to the Community Care Department (CCD) only a change in her work area.

## II.   **THE RECORD PROVES THE DISTRICT COURT MISAPPLIED THE LAW WHEN IT HELD OPM AND THE MSPB WERE NOT ACTING IN A JUDICIAL CAPACITY.**

The VA Response Brief used a new tactic that contributed to the district court's misapplication of law. To persuade this Court to believe OPM was not acting in a judicial capacity when it, and the MSPB, found Ms. Dixon-Tribou entitled to disability retirement under FERS.[34]  The VA avoids Record evidence by

---

[32] A request for a modification (or change) at work because of a medical condition is a request for reasonable accommodation.  *Jefferey G. v. McDonough,* 2023 EEOPUB LEXIS 1279, *21, EEOC (IHS) 2022001019 (E.E.O.C. May 18, 2023)

[33] *Supra,* note *2*. JA452-454.

[34] *Supra,* note 12.

citing the district court's decion based on its misapplication of law that it was not

bound by the identical statutes of 5 U.S.C. §§ 8461(d) or 8347(c),[35] and not subject

to *res judicata* to justify the district court's prohibited review of the underlying

underpinnings of OPM's determinations on Ms. Dixon-Tribou's disability.

>    *(a)*    ***The VA's Response Brief relies on misapplication and misinterpretation of law.***

The Fed. Cir. holds that the proper standard of judicial review in a FERS

disability retirement case is set forth at 5 U.S.C.S. § 8461(d) and is identical to §

8347(c).[36]  Both statutes serve the same purpose to identify OPM's authority to

administer disability federal employee retirement benefits.[37]  It holds that

§ 8461(d) provides OPM disability retirement determinations are final and

conclusive and not subject to review and subject to *res judicata.*[38]  Therefore, since

the district court knew Ms. Dixon-Tribou had applied for a disability retirement

---

[35] We conclude that the same standard should apply to our review FERS disability determinations. As noted above, §§ 8461(d) and (e)(1) and (2) are worded [***16] identically to §§ 8347(c) and (d)(1) and (2). Both statutes serve the same purpose of identifying the scope of OPM's authority to administer disability retirement and other benefits. *Anthony v. Office of Personnel Mgt.,* 58 F.3d 620, 626 (Fed. Cir. 1995)

[36]  *Id.*

[37] *Id.*

[38] *Id.*

under FERS[39] and it was approved. The district court knew she had to prove she became disabled while employed because of a medical condition in a position subject to FERS, it knew it could not review the disability determination of OPM resulting in a deficiency in performance, conduct, or attendance, it was barred from review of that finding.[40]

However, the district court overlooked statute and reviewed the underlying underpinnings of OPM's determination on Ms. Dixon-Tribou's disability. That was a misapplication of law and the district court's summary judgment in favor of the VA should be set aside as it misinterpreted and misapplied the law when it held OPM and the MSPB were not acting in a judicial capacity and reviewed the factual underpinnings of OPM's determination factual determination that Ms. Dixon-Tribou was not in a position where she could be accommodated and entitled to FERS Disability Retirement. To make that determination OPM had to first determine Ms. Dixon-Tribou met all the requirements of 5 C.F.R. § 844.103(a)(2)[41]

---

[39] The Plaintiff repeatedly cites to 5 U.S.C. § 8347 to support her argument that I cannot review the decision of the Office of Personnel Management ("**OPM**"). Pl.'s Opp'n 4 n.11; DSOF ¶¶ 49, 63; Pl.'s Mot. 2 n.6, 9, 10 n.37. That statute applies to disability determinations under the Civil Service Retirement System, not under the FERS. *See Anthony v. Off. of Pers. Mgmt.*, 58 F.3d 620, 624–25 (Fed.Cir. 1995). A nearly-identical statute exists with respect to the FERS, 5 U.S.C. § 8461, *see id.*, and I address the Plaintiff's argument in the context of that statute. JA497 note 13.

[40] *Id.*

[41]

which include proving she was in a position that was incompatible with service and could not be reasonably accommodated.[42]

### (b) *The District court's holding Ms. Dixon-Tribou did not offer evidence is a misinterpretation and misapplication of law.*

Ms. Dixon-Tribou made a harmless error of law when she cited 5 U.S.C. § 8347(c) instead of 5 U.S.C. § 8461(d). However, she did offer evidence that she had proved to OPM and the MSPB she was entitled to disability retirement that required her to prove she was not reasonably accommodated in the CCD at the VAMC. The district court Judge set that proof aside and mistakenly ruled 5 U.S.C. § 8347(c) applies only disability determinations under the Civil Service Retirement System (CSRS), not FERS; it is 8461(d) that governs FERS disability retirement[43] But, the Fed. Cir. holds §§ 8347(c) and 8461(d) are identical and both

---

[42] **(a)** Except as provided in paragraph (c) of this section, an individual must meet the following requirements in order to receive a disability annuity: **(2)** The individual must, while employed in a position subject to FERS, have become disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; **(3)** The disabling medical condition must be expected to continue for at least 1 year from the date the application for disability retirement is filed; **(4)** Accommodation of the disabling medical condition in the position held must be unreasonable[.] 5 C.F.R. § 844.103 (Lexis Advance through the June 7, 2023)

[43] The Plaintiff repeatedly cites to 5 U.S.C. § 8347 to support her argument that I cannot review the decision of the Office of Personnel Management ("**OPM**"). Pl.'s Opp'n 4 n.11; DSOF ¶¶ 49, 63; Pl.'s Mot. 2 n.6, 9, 10 n.37. That statute applies to disability determinations under the Civil Service Retirement System, not under the

apply to FERS and CSRA disability retirements in *Anthony v. Office of Personnel Mgt.*[44] The Fed. Cir. in *Anthony* holds §§ 8347(c) and 8461(d) are identical and serve the same purpose of identifying the scope of OPM's authority to administer disability retirement and other benefits under FERS.[45] OPM's disability determinations §§ 8461(d) and 8347(c) apply to both FERS and the CSRS and § 8461(d) and are not limited to just § 8461(d) as claimed by the district court.[46] The district court's finding was a material misinterpretation of law and its summary judgment in favor of the VA should be set aside.

### III.    ISSUES OPM HAD TO ADDRESS BEFORE IT FOUND MS. DIXON-TRIBOU ENTITLED TO DISABILITY UNDER FERS.

The VA asks this Court to rely on the District court's misapplication of law to affirm its decision, specifically 5 C.F.R. § 844.103(a) (2). In its Summary Judgment Order the district court acknowledged Ms. Dixon-Tribou had the burden to prove to OPM she became disabled because of her disabling MS, a medical

---

FERS. *See*

[44] We conclude that the same standard should apply to our review FERS disability determinations. As noted above, §§ 8461(d) and (e)(1) and (2) are worded [***16] identically to §§ 8347(c) and (d)(1) and (2). Both statutes serve the same purpose of identifying the scope of OPM's authority to administer disability retirement and other benefits. *Anthony v. Office of Personnel Mgt.,* 58 F.3d 620, 626 (Fed. Cir. 1995)

[45] *Id.*

[46] That statute applies to disability determinations under the Civil Service Retirement System, not under the FERS. JA497 note 13 ¶ 1.

condition that resulted in a deficiency in performance, conduct, and/or attendance. The district court acknowledged Ms. Dixon-Tribou was required to prove she was unable to perform her duties which included specific attendance requirements because of a medical condition. The district court cited to the Code of Regulations which state:

> The individual must, while employed in a position subject to FERS, have become disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or if there is no such deficiency, the disabling medical condition must be incompatible with either useful and efficient service or retention in the position; 5 C.F.R. § 844.103(a)(2); [and] Accommodation of the disabling medical condition in the position held must be unreasonable[.] § 844.103(a)(4)

However, the district court chose to overlook that Ms. Dixon-Tribou had met the requirements of § 844.103 and OPM and the Merit Systems Protection Board (MSPB), forums of competent jurisdiction, acting in judicial capacities[47] determined and concurred she was a disabled employee who could not be accommodated in the CCD.

### (a)  *Ms. Dixon-Tribou presented evidence that OPM was acting in a judicial capacity when it found her entitled to a FERS Disability Retirement.*

Ms. Dixon-Tribou repeatedly submitted evidence that OPM was acting in a judicial capacity when it found her entitled to disability retirement.  In her Motion

---

[47] *Supra,* note 44.

for Summary Judgment (MSJ) Ms. Dixon-Tribou cited OPM's admission to the

MSPB, after a closer review of the Record, she was entitled was entitled to

disability retirement.  She provided the MSPB Number and the MSPB Decision.

There is no question OPM and the MSPB were acting in a judicial capaciies when

the MSPB docketed Ms. Dixon-Tribou's appeal of the VA's original decision to

remove her by way of delegated authority from OPM.[48]

> ### (b)   *The VA waived its right to conduct discovery during Ms. Dixon Tribou's MSPB appeal.*

When OPM first denied Ms. Dixon-Tribou's appeal her removal and denial

of disability retirement to the MSPB both were acting in a judicial capacity.[49]  The

district court notes that:

---

[48] *See* 5 C.F.R. § 731.103 **Delegation to agencies.  (a)** Subject to the limitations and requirements of paragraphs (f) and (g) of this section, OPM delegates to the heads of agencies authority for making suitability determinations and taking suitability actions (including limited, agency-specific debarments under § 731.205) in cases involving applicants for and appointees to covered positions in the agency. 5 C.F.R. § 731.103 (Lexis Advance through the June 6, 2023 issue of the Federal Register, with the exception of the amendments appearing at 88 FR 36654). JA420.

[49] **(a)** Generally. The Board's appellate jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation 5 C.F.R. § 1201.3 (Lexis Advance through the June 6, 2023 issue of the Federal Register, with the exception of the amendments appearing at 88 FR 36654) **(1)** Adverse Actions. Removals (terminations of employment after completion of probationary or other initial service period), reductions in grade or pay, suspension for more than 14 days, or furloughs for 30 days or less for cause that will promote the efficiency of the service; an involuntary resignation or retirement is considered to be a removal (5 U.S.C. 7511-7514; 5 CFR part 752, subparts C and D); **(2)** Retirement Appeals. Determinations affecting the rights or interests of an individual under the Federal

On January 26, 2017, Ms. Dixon-Tribou filed an application for disability retirement with the Office of Personnel Management ("**OPM**") under the Federal Employee Retirement System ("**FERS**") in which she claimed that she was removed from her position because of her disability. PSOF ¶ 44. On May 14, 2019, OPM decided that Ms. Dixon-Tribou had "submitted sufficient documentation to establish  [her] entitlement to disability retirement benefits under the" FERS and granted her "a disability retirement benefit," which was formally approved a week later. JA491 ¶ 2 - JA492.

On appeal the VA again had an opportunity to conduct pretrial discovery, present memoranda of law, conduct witness examinations, or object to any evidence presented.[50]  But, rather than exercise its opportunity to conduct pretrial discovery, present memoranda of law, conduct witness examinations, or object to any evidence presented, before the MSPB it declined to exercise that opportunity based on OPM's review of the Record and award of disability retirement.[51]  OPM, as the VA's representative, moved the MSPB find Ms. Dixon-Tribou's MSPB appeal

---

retirement laws (5 U.S.C. 8347(d)(1)-(2) and 8461(e)(1); and 5 U.S.C. 8331 note; 5 CFR parts 831, 839, 842, 844, and 846)[.]5 C.F.R. § 1201.3 (Lexis Advance through the June 6, 2023 issue of the Federal Register, with the exception of the amendments appearing at 88 FR 36654)

[50] Courts have held that OPM does not act in a judicial capacity when the agency issues a benefits-entitlement ruling on the papers, based on an employee's application and documentary evidence, without providing the employing agency with the opportunity to conduct pretrial discovery, present memoranda of law, conduct witness examinations, or object to any evidence presented. *See, e.g.*, *Buckley v. United States*, 51 Fed. Cl. 174, 189-91 (Fed. Cl. 2001)

[51] This is in response to the acknowledgement order dated April 22, 2019 in the above referenced appea**l.**  The above-identified appellant is appealing the Office of Personnel Management's (OPM's) March 25, 2019 reconsideration decision which denied her application for disability retirement.  JA434.

moot as upon review of the Record it was determine she was entitled to a FERS

disability retirement.[52]  It allowed OPM's motion.

> (c)    **The VA withheld exculpatory evidence that proved OPM and the MSPB were acting in a judicial capacity.**

Ms. Dixon-Tribou enclosed her MSPB appeal pleadings in the Joint

Appendix.  The VA objected, and maybe rightly so, as they were not directly

included in the record.  However, Ms. Dixon-Tribou cited to them in the record

and supplied the MSPB Docket Report No: PH-844E-19-0223-I-4. They were on

line in the MSPB web site and available to the VA and its OPM Representative, as

well as in the in possession of VA.[53]  The MSPB pleadings show that VA

submitted a memorandum of law explaining why it believed Ms. Dixon-Tribou's

application for disability retirement should be denied.

The VA's opportunity to object to her application appeal and the pleadings

in her appeal support her contention OPM was acting in a judicial capacity when it

determined her disability. However, that became irrelevant when the VA, through

its representative informed the MSPB that she was entitled to disability retirement

under FERS and rendered her appeal moot because she proved she was in a

---

[52] Upon further review of the record OPM has determined that the appellant has submitted sufficient evidence documentation to establish his [*sic*] entitlement to disability retirement benefits under the Federal Employees Retirement System (FERS).  JA434 ¶ 3, and  JA460-467.

[53] JA467.

position where she could not be accommodated in accordance with 5 C.F.R. § 844.103(a)(2).

## IV. THE RECEIPT OF DISABILITY RETIREMENT DOES NOT PRECLUDE REHABILITATION ACT DISABILITY DISCRIMINATION CLAIMS.

The VA misconstrues cases to support the District court's Summary Judgment, *e.g., Solomon v. Vilsack*, 393 U.S. App. D.C. 327, 338 (2010). The VA claims Ms. Dixon-Tribou disability retirement is in contention with her OPM disability retirement. That is not what *Solomon* holds. Rather, it holds the receipt of OPM disability benefits, such as in Ms. Dixon-Tribou case, "bars neither her claim that her employer failed to accommodate her disability nor a related set of claims that her supervisors retaliated against her for exercising her rights under federal antidiscrimination laws."[54]

---

[54] In sum, the FERS application forms nowhere require applicants to expressly represent that their disabilities cannot be reasonably accommodated. Therefore, as the Merit Systems Protection Board concluded in a decision addressing the very issue raised in this case, an individual's application [***21] for and receipt of FERS disability benefits do not necessarily constitute "an affirmation . . . that [her disability] could not be accommodated." *Lamberson v. Dep't of Veterans Affairs*, 80 M.S.P.R. 648, 657 (MSPB 1999). Of course, the Board's decision is not binding on us, and Solomon does not argue that we owe the decision any deference under cases such as *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), *Skidmore v. Swift & Co.*, 323 U.S. 134, 140, 65 S. Ct. 161, 89 L. Ed. 124 (1944), or *Auer v. Robbins*, 519 U.S. 452, 461, 117 S. Ct. 905, 137 L. Ed. 2d 79 (1997). Nonetheless, for the reasons given above, we agree with the Board that it would be inappropriate to preclude an individual from asserting a disability discrimination claim "merely

*Solomon* goes on to explain that "Refusing to create a presumption that recipients of FERS disability benefits are precluded from asserting disability-discrimination claims also furthers the Rehabilitation Act's objective of "ensur[ing] that the Federal Government plays a leadership role in promoting the employment of individuals with disabilities. 29 U.S.C. § 701(b)(2)."[55] Then the vacates of summary judgment is vacated with respect to *Solomon's* accommodation and retaliation claims and remands the case for further proceedings. consistent with its opinion.[56]

## CONCLUSION

For the above-stated reasons, the judgment in favor of the VA should be reversed.

---

because she either applied for or is in receipt of . . . FERS disability benefits ." *Lamberson*, 80 M.S.P.R. at 658.  *Solomon v. Vilsack,* 393 U.S. App. D.C. 327, 335 (2010)

[55] *Solomon v. Vilsack,* 393 U.S. App. D.C. 327, 336 (2010)

[56] For the reasons given above, vacate the district court's entry of summary judgment with respect to Solomon's accommodation and retaliation claims and remand for further proceedings consistent with this opinion.  *Solomon v. Vilsack*, 393 U.S. App. D.C. 327, 340 (2010)

Dated:  June 14, 2023                    */s/Robert F. Stone, Esq.*
                                         Robert F. Stone, *Esq.*
                                         Plaintiff Appellant's Attorney
                                         Law Office
                                         P.O. Box 401
                                         South Deerfield, MA 01373
                                         Phone: (413) 369-4421
                                         E-Mail: rfstoneesq@comcast.net

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Fed. R. App. P. 32(g), I hereby certify that this document complies with the type-volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 5,296 words.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in a 14-point Times New Roman font.

Respectfully submitted,

Robert F. Stone, Esq.
Attorney for Plaintiff-Appellant
Bonnie Dixon-Tribou

Dated: June 14, 2023       <u>/s/Robert F. Stone</u>
Robert F. Stone, Esq.
Law Office of Robert F. Stone
P.O. Box 401
Conway, MA  01373
rfstoneesq@comcast.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this same date, I electronically filed the foregoing

document with the United States Court of Appeals for the First Circuit by using the

CM/ECF system, which electronically served a copy on all counsel of record.

>
> Robert F. Stone, Esq.
> Attorney for Plaintiff-Appellant
> Bonnie Dixon-Tribou

Dated: June 14, 2023        /s/Robert F. Stone
>
> Robert F. Stone, Esq.
> Law Office of Robert F. Stone
> P.O. Box 401
> Conway, MA  01373
> rfstoneesq@comcast.net